Dear Judge Lynch:
This office in receipt of your opinion request in which you state and ask the following: "I am unable to encourage my constable to write traffic tickets. For whatever reason, he doesn't want to do it. May I, pursuant to R.S. 13:3477, appoint a special deputy constable to issue litter tickets?"
 R.S. 13:3477 states as follows:
 § 3477. Inability or refusal of constable or deputy constable to act; employment of sheriff or deputy; appointment of special deputy constable
 In case of the inability or refusal to act on the part of the constable or a duly appointed deputy constable because of relationship, sickness, or from other causes in civil suits, and in case of the execution of conservatory writs in civil suits, the justices of the peace may employ either the sheriff or his deputy or appoint a special deputy constable to execute all orders, citations, summons, seizures, and writs.
While the above statute allows a justice of the peace to appoint a special deputy constable in certain instances in civil suits and in execution of writs and civil suits, it does not give the justice of the peace authority to appoint special deputy constables in criminal matters.
The authority of a justice of the peace to hear litter statutes is granted in R.S. 13:2586(C) and (D) in connection with their criminal jurisdiction. While there may be violations that will be considered civil in nature, it is apparent that the legislature intended these litter violations to be criminal. In addition to the litter authority being put in the paragraph with the criminal jurisdiction of the justice of the peace, R.S.13:2586(D) states in part as follows:
 Persons convicted in a justice of the peace court for a litter violation pursuant to the criminal jurisdiction authorized and granted by Subsection C shall have the right of direct appeal to the district court by trial de novo for the parish in which the justice of the peace court is situated. The appeal must be filed within ten days of the date of the convictions and notice of the appeal must be given within the ten-day period to the justice of the peace who adjudicated the matter, the district court to which the matter is being appealed, and the district attorney for the district in which the parish and justice of the peace court are located. The appeal from a decision of the district court shall be the same as provided by law for appeals of criminal matters adjudicated by a district court. If the conviction is sustained on appeal, the defendant may be assessed additional court cost by the district court as authorized by law.
Note specifically the term "convicted" in the first sentence and the fact that appeals from district court litter decisions shall be provided for by law in the same manner as other criminal matters adjudicated by the district court. Thus, given the criminal nature of the state littering statutes, a justice of the peace may not appoint a special deputy constable to issue litter tickets pursuant to R.S. 13:3477.
It is not the proper role of a Justice of the Peace, to encourage or discourage the initiation of causes brought in his court, whether civil or criminal in nature. He is to sit as an impartial arbiter in matters that others bring before him and should have no role whatsoever in the decision to bring or not bring a claim.
Pursuant to R.S. 13:2586(C)(2) a justice of the peace has concurrent jurisdiction over litter violations occurring anywhere in the parish in which that justice of the peace court is situated, in accordance with the state litter statute and any parish ordinance. Thus, a justice of the peace may hear litter violations written by any law enforcement officer anywhere in his parish. Many parishes have set up parish wide litter courts which are cooperative efforts between all the justices of the peace and constables who actively involve themselves in litter violations. Many of these parishes rotate justices of the peace by court date such that a justice of the peace hears the cases of citations written by a variety of constables and law enforcement officers in the parish. Again, a justice of the peace is not limited to hearing litter violations written only by his constable. He may hear litter violations which have been issued by any law enforcement officer. Note that regardless of which officer or constable writes the ticket, such ticket should state the court to which it is returnable. For more information on this program or for assistance in setting up such a litter court, please contact our office.
In connection with these litter courts, note that it is permissible for a justice of the peace to appoint a special deputy constable to prosecute the case when the constable has issued a citation or summons, has made the arrest, or appears as witness against the accused. This authority is granted in R.S.13:2587.1 which states as follows:
 § 2587.1. Prosecution of litter violations in justice of the peace courts
 The constable of the justice of the peace court or his deputy shall act as prosecutor when called upon to do so by the justice of the peace when the justice of the peace exercises his jurisdiction to adjudicate litter violations prohibited by R.S. 30:2531.2. In those cases where the constable has issued the citation or summons or has made the arrest or appears as witness against the accused, the constable shall designate the deputy constable to prosecute the matter. If there is no deputy constable, then the justice of the peace may appoint a special deputy to prosecute the matter. If there is no deputy constable, then the justice of the peace may appoint a special deputy constable to prosecute the case or may authorize a constable from another ward in the parish to prosecute the matter.
All constables are encouraged to exercise their duties as peace officers by writing citations for litter violations. However, a justice of the peace may not, pursuant to R.S.13:3477, appoint a special deputy constable to issue litter tickets. That justice of the peace may participate in a parish wide litter court and pursuant to statute may hear litter violations which have been written by any constable or law enforcement officer in the parish.
We hope the foregoing has sufficiently addressed your concerns. If our office may be of assistance in establishing a litter court program in St. Tammany Parish, or if we may assist you in any other manner, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: J. RICHARD WILLIAMS
Assistant Attorney General
RPI/JRW/crt